ELIAS HERNANDEZ-MORALES
ELIAS HERNANDEZ MORALES

RMW
530

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name Hernandez Morales, Elias
     (Last)      (First)      (Initial)

Prisoner Number 72342-008

Institutional Address P. O Box 4000, Springfield miss. 65801

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Elias Hernandez morales
(Enter the full name of plaintiff in this action.)

vs.

Marty Anderson, Warden
U.S. Medical Center for Federal Prisoners
Springfield, MO
(Enter the full name of respondent(s) or jailor in this action)

CV 08 2385 RMW (PR)

Case No. 4400 5
(To be provided by the clerk of court)

cr.

PETITION FOR A WRIT
OF HABEAS CORPUS

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS       - 1 -

1  Who to Name as Respondent

2  You must name the person in whose actual custody you are. This usually means the Warden or
3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which
4  you are imprisoned or by whom you were convicted and sentenced. These are not proper
5  respondents.

6  If you are not presently in custody pursuant to the state judgment against which you seek relief
7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose
8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack
9  was entered.

10 A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11  1. What sentence are you challenging in this petition?

12  (a) Name and location of court that imposed sentence (for example; Alameda
County Superior Court, Oakland):

13  del Rio TX.                                111 broadway 78840TK
14  Court                                      Location

15
16  (b) Case number, if known  dq400 SL

17  (c) Date and terms of sentence  I broke in status looking for

18  (d) Are you now in custody serving this term? (Custody means being in jail, on
parole or probation, etc.)    Yes ✓    No ___

19
20  Where?
21  Name of Institution:  Springfield miss. Medical Center
22  Address: Springfiel miss. P.O Box 4000-65801

23  2. For what crime were you given this sentence? (If your petition challenges a sentence for
24  more than one crime, list each crime separately using Penal Code numbers if known. If you are
25  challenging more than one sentence, you should file a different petition for each sentence.)

26  Case: Or stemant for INS.
27  Aliens Imigration. Immigration
28  _____

PET. FOR WRIT OF HAB. CORPUS           - 2 -

3. Did you have any of the following?

    Arraignment:     Yes ✓    No ___

    Preliminary Hearing:     Yes ___    No ✗

    Motion to Suppress:     Yes ___    No ✗

4. How did you plead?

    Guilty ___    Not Guilty ✗    Nolo Contendere ___

    Any other plea (specify) __Guilty held.__

5. If you went to trial, what kind of trial did you have?

    Jury ✗    Judge alone ___    Judge alone on a transcript ___

6. Did you testify at your trial?     Yes ✗    No ___

7. Did you have an attorney at the following proceedings:

    (a) Arraignment     Yes ✓    No ___

    (b) Preliminary hearing     Yes ___    No ✓

    (c) Time of plea     Yes ___    No ✓

    (d) Trial     Yes ___    No ✓

    (e) Sentencing     Yes ___    No ✓

    (f) Appeal     Yes ✓    No ___

    (g) Other post-conviction proceeding     Yes ✓    No ___

8. Did you appeal your conviction?     Yes ✓    No ___

    (a) If you did, to what court(s) did you appeal?

    Court of Appeal     Yes ✗    No ___

    Year: 2006    Result: _____

    Supreme Court of California     Yes ✓    No ___

    Year: 2007    Result: __docked Chief face__

    Any other court     Yes ✓    No ___

    Year: 2007    Result: __I state for Trial.__

    (b) If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS     - 3 -

|   |     | petition? | Yes ✓ No ___ |
|---|-----|-----------|--------------|
|   | (c) | Was there an opinion? | Yes ✓ No ___ |
|   | (d) | Did you seek permission to file a late appeal under Rule 31(a)? |   |
|   |     |           | Yes ✓ No ___ |

If you did, give the name of the court and the result:

Room B112 110 South Church Av.
Tucson, AZ. 85701 -16

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes ✓ No ___

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)  If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I. Name of Court: San Jose CA 1 St Room 280, 95113
Type of Proceeding: 2255 motion trial. Appeals/cat

Grounds raised (Be brief but specific):

a. The APPEAL. 2255.
b. Have. Indicment.
c. Case: enter bat not Seenuer
d. for Case APPEAL.

Result: Cross - APPAL   Date of Result: 2002

II. Name of Court: Tucson. AZ. Room B112. 110 church
Type of Proceeding: Case; Cr4460 SC.

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS            - 4 -

a. _Loss or waiver of right_
b. _to Intervene._
c. _Estoppel or duty to Intervene._
d. _election of remedies_
Result: _Notice of Arriugment_ Date of Result: _14-2-07_
or affirm

III. Name of Court: _Del Rio tx._
Type of Proceeding: _Motion Habeas Corpus 2255-2254_
Grounds raised (Be brief but specific):
a. _40, 70 Am Jur 2d. Pensions and_
b. _Retirement Funds. 456. 467_
c. _____
d. _affidavit_
Result: _____ Date of Result: _14-2-07_

IV. Name of Court: _San Francisco CA_
Type of Proceeding: _General Principles 1-4_
Grounds raised (Be brief but specific):
a. _41e Am Jur Social Security_
b. _and Medicare 1037 - 1140._
c. _____
d. _____
Result: _Personal Earnings_ Date of Result: _4-4-07_

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?
Yes ✓ No ___
Name and location of court: _del Rio III Broduay 78840_

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS                - 5 -

1. need more space. Answer the same questions for each claim.
2. [Note: You must present ALL your claims in your first federal habeas petition. Subsequent
3. petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,
4. 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: Annotations Modern. Status and Application of rule that only Voluntary transfer

Supporting Facts: 1446 (Soil conservation benifits.)

Claim Two: 34. Restatement (second) of Contract 324. Comme o out

Supporting Facts: Youngberg Y El Paso Brick Co, 155 S.W. 715 (Tex. Civ. App. El Paso 1913.

Claim Three: 42. 53 Am Jur. 2d Military and Civil Defense 174.

Supporting Facts: Forms: Answer — Denial of Assignment - No execution or delivery of Instrument 2 Am Jur Pl y Pr Forms (Rev) Assignment Form 8

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

Order to Pay Proceed of Purchase order 2 Am effect Various statutes/legal form 2d Assignment C. Delivery or tranfer 131-134 Research 15,16 References ALR Digest: Assignment 12,15

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1  List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:
4  7944-005L    Cr. 4142  RMW.
5  5,30400  CW.
6  _____
7  Do you have an attorney for this petition?                    Yes ✓   No___
8  If you do, give the name and address of your attorney: Blbr. Beteranst.
9  Manuel Pacheco. 1700  Bo. de las flores del Rio TX.
10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.
12
13  Executed on  3-4-08                          Elies S. Hernandez M.
14            Date                                   Signature of Petitioner
15
16
17
18
19
20  (Rev. 6/02)
21
...
28

PET. FOR WRIT OF HAB. CORPUS        - 7 -

## 28 USCS § 2254, n 760

was sufficient evidence to support petitioner's conviction for second degree felony murder when it was foreseeable that gun battle would be provoked by underlying armed robbery offense. Santana v Kuhlmann (2002, SD NY) 232 F Supp 2d 154.

In habeas corpus proceeding pursuant to 28 USCS § 2254 challenging conviction on one count of felony murder and four counts of robbery, inmate was not entitled to relief on his claim that there was insufficient proof that he acted with same intent as co-defendant to warrant his conviction on charge of felony murder; inmate's statements—that he planned to go to "weed house" to rob occupants of drugs and money—constituted sufficient evidence upon which rational fact finder could find that prosecution established, beyond reasonable doubt, that he formed intent to commit robbery and, therefore, was guilty of felony murder. Lewis v Bennett (2004, WD NY) 328 F Supp 2d 396.

### 761. —First degree murder

Question, that upon trial of petitioner for murder in which he was convicted of murder in first degree evidence was insufficient to justify court in submitting that degree to jury, could not be raised in a subsequent hearing on habeas corpus. Crossley v California (1898) 168 US 640, 42 L Ed 610, 18 S Ct 242.

Prosecution presented sufficient evidence to convict defendant of first-degree murder; although jury could have found killing was done solely in anger after finding girlfriend in house with unknown man, when evidence was viewed in light most favorable to prosecution, rational trier of fact could find necessary elements of crime (premeditation and deliberation) beyond reasonable doubt where record showed that defendant systematically abused victim's entire body for over an hour, leaving almost no part of victim unscathed. Thomerson v Lockhart (1987, CA8 Ark) 835 F2d 1257.

Evidence that habeas petitioner had placed gun in his pocket before victim picked him up, and that petitioner and victim had prior dispute over stereo speakers was sufficient to support petitioner's conviction of first-degree murder. Scott v Elo (2002, CA6 Mich) 302 F3d 598, 2002 FED App 301P, cert den (2003) 537 US 1192, 154 L Ed 2d 1026, 123 S Ct 1272, reh den (2003) 538 US 995, 155 L Ed 2d 697, 123 S Ct 1824.

In habeas corpus challenge to first-degree murder conviction, evidence was sufficient for rational juror to conclude that petitioner had requisite intent to kill, where petitioner accompanied co-defendant, who was armed with semiautomatic weapon, to residence; co-defendant also was armed with weapon and entered through door that had been kicked down; victims were shot repeatedly; although there was time to rob victims after homicides, petitioner and co-defendant walked back and forth in house; female victim's purse was taken, but money and personal property were found on victims; petitioner and co-defendant conversed in whispers after murders; and petitioner had blood on his shirt and was well acquainted with co-defendant. Torres v Mullin (2003, CA10 Okla) 317 F3d 1145, cert den (2003) 540 US 1035, 157 L Ed 2d 454, 124 S Ct 562, 2003 CDOS 9856, 2003 Daily Journal DAR 12381.

Given evidence supporting all three Anderson factors—planning, motive, and preconceived design—district court did not err in concluding that there was sufficient evidence to sustain special finding of premeditation to support prisoner's first-degree murder conviction: manner of killing—strangulation—would have required prisoner to apply pressure deliberately and steadily for at least three to five minutes; evidence of planning arose from prisoner's engineering assaults on two women in isolated areas where they could not easily escape or seek help; as for motive, jailhouse informant's testimony indicated that prisoner killed one of his victims so that he could have sex with her dead body or to eliminate possibility of her reporting rape or testifying against him. Davis v Woodford (2003, CA9 Cal) 333 F3d 982, 2003 CDOS 5475, 2003 Daily Journal DAR 6938, amd on other grounds, reh den, reh, en banc, den (2003, CA9 Cal) 384 F3d 628 and reprinted as amd (2004, CA9 Cal) 384 F3d 628, cert dismd (2005) 545 US 1165, 126 S Ct 410, 162 L Ed 2d 933.

State court decision affirming conviction of juvenile for aiding and abetting first-degree murder and attempted first-degree murder was unreasonable application of Fourteenth Amendment requirement that prosecution present evidence sufficient to prove every element of crime beyond reasonable doubt where record contained manifestly insufficient evidence to support necessary conclusions that juvenile knew that his brother planned to commit first-degree murders and that juvenile acted in way intended to encourage or facilitate these killings. Juan H. v Allen (2005, CA9 Cal) 408 F3d 1262, cert den (2006) 546 US 1137, 126 S Ct 1142, 163 L Ed 2d 1000 and cert den (2006) 546 US 1137, 126 S Ct 1145, 163 L Ed 2d 1000.

Eyewitness testimony that defendant was seen running from scene of murder, and evidence that hostile feelings existed between victim and defendant almost immediately prior to murder, is sufficient to sustain defendant's first-degree murder conviction. Dickey v Dutton (1983, MD Tenn) 595 F Supp 1.

First-degree murder convict is denied federal habeas relief, even though he alleges there was unrebutted evidence of self-defense, because state appellate court noted eyewitness testimony that convict initiated argument with victim and that victim had turned and started to walk away when convict stabbed him repeatedly in back, and rational trier of fact could have concluded that there was no serious provocation or sudden and intense passion which

### PARTICULAR PROCEE[DINGS]

would justify reduction to
Medley v Gramley (1997,

### 762. —Second degree mu[rder]

State court's determinat[ion]
fact could conclude beyon[d]
defendant, in prosecution f[or]
and aggravated assault, sp[ecifically]
one person and attempted
titled to great weight in fe[d]
review of record, Court
record supported state cou[rt]
petitioner's argument that
to support his conviction
Stalder (1987, CA5 La) 83[...]

State courts' determinati[on]
stitutionally sufficient to s[upport]
tion for second-degree mu[rder]
to nor unreasonable applica[tion]
Supreme Court precedent;
one of victim's wrists w[...]
conclude that her death w[...]
suicide or natural causes,
with victim, that they had
to state prisoner he admit[ted]
against rock. Weston v D[...]
272 F3d 1109, reh, en banc
Mo) 2002 US App LEXIS

Second-degree murder
habeas relief under 28 U[SCS]
ence could be drawn that
bile that was available to
escape, (2) assisted escap[e]
(3) was at or near crime
after crime was commit[ted]
failed to meet his burden
jury could have found hin[m]
beyond reasonable doubt.
Mass) 981 F Supp 700.

Bandit tow-truck drive[r]
relief, even though he cor[...]
ficient to sustain finding t[hat]
aforethought" or "conse[...]
abandoned and malignan[t]
another vehicle, consequ[ently]
because evidence was me[...]
implied malice and conv[iction]
murder, based on his dri[ving]
and known inadequacy of
Contreras v Rice (1998, C[...]

Convicted murderer is
lief, where 2 witnesses t[...]
say to victim, "I told you
and one saw convict thrus[t]
and saw victim clutch at
fall to ground, because ra[...]
that this evidence establi[shes]
second-degree murder t[...]
Steele v Walter (1998, W[...]

Man convicted of seco[nd]

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

Name **Hernandez   morales   Elios.**
(Last)           (First)           (Initial)

Prisoner Number **72347-008**

Institutional Address **Medical Center. P.O Box 4000 Springfiel miss. 65801**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**United States America**
(Enter the full name of plaintiff in this action.)

vs.

**Elios. Hernandez Morales.**
(Enter the full name of the defendant(s) in this action)

Case No. **CV- 4460 SL**
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, Title 42 U.S.C § 1983**

CV 08 1999 (PR)   E-filing

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies.

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.   Place of present confinement **Springfield missuri**

B.   Is there a grievance procedure in this institution?

YES ( )     NO (X)

C.   Did you present the facts in your complaint for review through the grievance procedure?

YES ( )     NO (✓)

D.   If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

COMPLAINT                                          - 1 -

CV 08        1999        RMW
                                                                          (PR)

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also:</u>

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

☑ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☑ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

> **Questions**
> Almost all questions can be answered in our **FAQ**s at
> **http://ecf.cand.uscourts.gov**, please check them first.
>
> You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or call the toll-free ECF Help Desk number at: (866) 638-7829.
>
> The ECF Help Desk is staffed Mondays through Fridays from 9:00am to 4:00pm Pacific time, excluding court holidays.

NAME: _____    " REQUEST FORM "    NUMBER: _____    DATE: _____

CHECK OUT ONLY FOUR (4) BOOKS AT A TIME, TO BE USED IN THE LAW LIBRARY ONLY!

| Federal Supplement | Federal Reporter 2d | Federal Reporter 3d | L.Ed. 2d |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

| Title 18 U.S.C. | Title 21 U.S.C. | Title 28 U.S.C. | Title 42 U.S.C |
|---|---|---|---|
| _____ | _____ | _____ | _____ |

Fed. R. Cv. Procedure _____        Federal Rules Cr. Procedure _____
Criminal Law Reporter _____        American Jurisprudence _____
Sentencing Guidelines _____        Program Statement _____
1994 Violent Crime Act _____       28 Code of Federal Regulations _____
U.S. Parole Board Rules _____      Telephone Regulations _____
OTHER United States Code Annotated _____   OTHER REQUESTS _____

PLACE EITHER THE SPECIFIC NUMBER OF THE BOOK, OR AN X NEXT TO TITLE.
PLEASE BE PATIENT, WE CAN ONLY SERVE ONE PERSON AT A TIME!

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## VENDING CREDITS

$1.00 INCREMENTS          $_____.00

1. Vending Credits sold for legal copy machine use.
2. Debit Vending is a USER RISK program.
3. It is the INMATES RESPONSIBILITY to spend remaining card balance and/or have remaining balance zeroed prior to transfer or release.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PHOTO TICKETS

_____          $ 1.00 EA
**LIMIT 10**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STAMPS:

_____ 20/.41 CENT          ($ 8.20)
(MAXIMUM OF 1 BOOK)

_____ 5/.17 CENT BOOK     ($ .85)

_____ 50/.01 CENT BOOK    ($ .50)

_____ 5/ $1 STAMP BOOK    ($ 5.00)


A MAXIMUM OF $24.60 MAY BE PURCHASED PER WEEK.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NAME: _____

UNIT: _____ REG.# _____

DATE: _____

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
Vase
Tungting old form of Dou
Ting

**DEFENDANTS**
tungtree a subtropical tree
Aleurites for oil of the purge
family whose heads fixing oil
Choise
H,W,O

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
R.C

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Manuel Pacheco

ATTORNEYS (IF KNOWN)
(See Attachment)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- [x] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [x]4 | [x]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [x]3 | [x]3 | Foreign Nation | [x]6 | [x]6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [ ] Original Proceeding
- [x] Removed from State Court
- [x] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ]110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ]610 Agriculture | [ ]422 Appeal 28 USC 158 | [ ]400 State Reapportionment |
| [ ]120 Marine | [ ]310 Airplane | [ ]362 Personal Injury Med Malpractice | [ ]620 Other Food & Drug | [x]423 Withdrawal 28 USC 157 | [ ]410 Antitrust |
| [ ]130 Miller Act | [ ]315 Airplane Product Liability | [ ]365 Personal Injury Product Liability | [ ]625 Drug Related Seizure of Property 21 USC 881 | | [ ]430 Banks and Banking |
| [ ]140 Negotiable Instrument | [ ]320 Assault Libel & Slander | [ ]368 Asbestos Personal Injury Product Liability | [ ]630 Liquor Laws | **PROPERTY RIGHTS** | [ ]450 Commerce/ICC Rates/etc. |
| [x]150 Recovery of Overpayment & Enforcement of Judgment | [ ]330 Federal Employers Liability | | [ ]640 RR & Truck | [ ]820 Copyrights | [ ]460 Deportation |
| [ ]151 Medicare Act | [ ]340 Marine | PERSONAL PROPERTY | [ ]650 Airline Regs | [ ]830 Patent | [ ]470 Racketeer Influenced and Corrupt Organizations |
| [ ]152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ]345 Marine Product Liability | [x]370 Other Fraud | [ ]660 Occupational Safety/Health | [x]840 Trademark | [ ]480 Consumer Credit |
| [ ]153 Recovery of Overpayment of Veteran's Benefits | [ ]350 Motor Vehicle | [ ]371 Truth in Lending | [x]690 Other | | [x]490 Cable/Satellite TV |
| [ ]160 Stockholders Suits | [ ]355 Motor Vehicle Product Liability | [ ]380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ]810 Selective Service |
| [ ]190 Other Contract | [x]360 Other Personal Injury | [ ]385 Property Damage Product Liability | [ ]710 Fair Labor Standards Act | [ ]861 HIA (1395ff) | [ ]850 Securities/Commodities/Exchange |
| [ ]195 Contract Product Liability | | | [ ]720 Labor/Mgmt Relations | [x]862 Black Lung (923) | [ ]875 Customer Challenge 12 USC 3410 |
| [ ]196 Franchise | | | [ ]730 Labor/Mgmt Reporting & Disclosure Act | [ ]863 DIWC/DIWW (405(g)) | [ ]891 Agricultural Acts |
| | | | [x]740 Railway Labor Act | [ ]864 SSID Title XVI | [ ]892 Economic Stabilization Act |
| | | | [ ]790 Other Labor Litigation | [ ]865 RSI (405(g)) | [ ]893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ]791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ]894 Energy Allocation Act |
| [ ]210 Land Condemnation | [ ]441 Voting | [x]510 Motion to Vacate Sentence Habeas Corpus: | | [ ]870 Taxes (US Plaintiff or Defendant) | [ ]895 Freedom of Information Act |
| [ ]220 Foreclosure | [ ]442 Employment | [ ]530 General | | [x]871 IRS - Third Party 26 USC 7609 | [ ]900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ]230 Rent Lease & Ejectment | [ ]443 Housing | [ ]535 Death Penalty | | | |
| [ ]240 Torts to Land | [ ]444 Welfare | [ ]540 Mandamus & Other | | | [ ]950 Constitutionality of State Statutes |
| [x]245 Tort Product Liability | [ ]440 Other Civil Rights | [ ]550 Civil Rights | | | [ ]890 Other Statutory Actions |
| [ ]290 All Other Real Property | [ ]445 Amer w/ disab - Empl | [ ]555 Prison Condition | | | |
| | [ ]446 Amer w/ disab - Other | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

**VII. REQUESTED IN COMPLAINT:** [x] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ [ ]     CHECK YES only if demanded in complaint: JURY DEMAND: [x] YES [ ] NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". Cv 9400 SL 9-4-2007

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)     [x] SAN FRANCISCO/OAKLAND     [ ] SAN JOSE

DATE 8-4 2008

SIGNATURE OF ATTORNEY OF RECORD
ALIA LoDiUM


JS 44 Page 2
(Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.